IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HEMISPHERE TECHNOLOGY,
LLC, an Illinois limited liability
company,

       Plaintiff,

      v.                            Case No. 3:22-cv-916-TJC-MCR

ARIES INVESTMENT, L.L.C., a
Florida limited liability company;
and ORLANDO G. FLORETE, JR.,

       Defendants.

_____/

## MOTION FOR WRIT OF EXECUTION

COMES NOW Hemisphere Technology, LLC, and respectfully prays that the Court direct the clerk to issue the attached writs of execution against judgment debtors Aries Investment, L.L.C., and Dr. Orlando Florete, Jr., pursuant to Federal Rule of Civil Procedure 69.

The Court entered judgment against Aries Investment in the amount of $1,965,546.20, plus interest, on November 1, 2023. (Doc. 32.) The Court entered judgment against Florete in the amount of $1,968,422.85, plus interest, on January 6, 2025. (Doc. 47.) That same day, the Court entered judgment against both defendants in the amount of $39,706.38 for attorney's fees and costs. (Doc. 48.) These judgments are unsatisfied. Rule 69 provides

1

that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise." Fed. R. Civ. P. 69(a)(1).  The rule further requires that the procedure on execution follow state law.  Id.

Florida Rule of Civil Procedure 1.550 provides that "[e]xecutions on judgments must issue during the life of the judgment on the oral request of the party entitled to it or that party's attorney." Fla. R. Civ. P. 1.550(a).  Naturally, the rule's reference to an oral request does not preclude the use of a written motion instead.  Greenbriar Condo. Ass'n, Inc. v. Padgett, 583 So. 2d 1100, 1102 (Fla. 4th DCA 1991).  The rule additionally provides that an execution shall not issue until the judgment has been recorded and the time for serving a motion for new trial or rehearing has run.  The reference to recordation refers only to the ministerial step taken by the clerk to record the judgment in the records of the court.  See Berkenfield v. Jacobs, 83 So. 2d 265, 267–68 (Fla. 1955) (describing recordation in a divorce case as "procedural and ministerial" act by the clerk of entering a divorce decree in the chancery order book).  That step was taken here as soon as the judgments were entered in the docket in this case.  And the time for serving a motion for new trial or rehearing ran twenty-eight days after entry of the judgments.  See Fed. R. Civ. P. 59.

In response to collection discovery, judgment debtor Aries Investment disclosed that it transferred all its known property—approximately 5.9 million shares of stock in Cansortium, Inc.—to a North Carolina limited liability

company.  It took this action shortly after it was served with the summons and complaint in this case, and it appears Aries Investment received nothing in return from the limited liability company.  This transaction appears to be a fraudulent transfer.  See Fla. Stat. § 726.106; N.C. Gen. Stat. § 39-23.5. Hemisphere Technology intends to pursue proceedings supplementary under section 56.29, Florida Statutes, to collect property fraudulently transferred or property in the hands of nominees or alter egos or property that may be subject to collection under veil-piercing principles.  As a precondition to proceedings supplementary, section 56.29 requires that an execution be valid and outstanding.

Hemisphere Technology intends to pursue all available procedures to collect its judgment against judgment debtor Dr. Orlando Florete.

LOCAL RULE 3.01(g) CERTIFICATE

I hereby certify that I conferred with counsel for Aries Investment, LLC, and that counsel for Aries Investment, LLC, was unable to state whether Aries Investment agrees to the relief requested in this motion.  I conferred by email with counsel for Aries Investment.  We exchanged emails on June 4, June 9, June 10, June 16, June 18, and June 25.

//

//

//

3

WHEREFORE, Hemisphere Technology, LLC, respectfully prays that the Court enter an order directing the Clerk to issue the attached writs of execution against the judgment debtors Aries Investment, LLC, and Dr. Orlando Florete.

DATED: June 27, 2025.

/s/ W. Bradley Russell
W. Bradley Russell
Florida Bar No. 29492
Russell & Russell, Attorneys at Law, P.A.
300 West Adams Street, Suite 400
Jacksonville, Florida 32202
Tel. 904-527-8813
Fax 904-212-0220
Email: brad@russellandrussell.law

Lead counsel for Hemisphere Technology, LLC

4